IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANGELA VEGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-105 |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

# ORDER

In February 2018, two unidentified men shot and killed Mark Garza in a Wal-Mart parking lot. Angela Vega, individually and for Garza, sued Wal-Mart Stores Texas, LLC. (Docket Entry No. 1-2). Wal-Mart timely removed, and Vega filed an amended complaint, adding Brosnan Risk Consultants, Ltd., Wal-Mart's security contractor, as a defendant. (Docket Entry Nos. 1, 24). Brosnan filed an answer to Vega's amended complaint on November 1, 2019. (Docket Entry No. 32). On December 2, Brosnan filed an amended answer, raising new affirmative defenses. (Docket Entry No. 33). On December 30, Brosnan moved for leave to file that amended answer, alleging that after Brosnan answered, it received discovery material that had been produced to Wal-Mart before Vega joined Brosnan. This material, Brosnan argues, revealed facts and evidence "that would serve as grounds for the affirmative defenses asserted." (Docket Entry No. 34 at 2). Brosnan also moved to designate the two unidentified men who shot and killed Garza as responsible third parties. (Docket Entry No. 35).

Two standards apply when a court considers a motion for leave to file an amended pleading. Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Rule 16(b) provides that once a

scheduling order has been entered, it "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Rule 16(b) requires a district court to enter a scheduling order setting deadlines, including for pleading amendments. *See* FED. R. CIV. P. 16(b)(1). If the movant satisfies Rule 16(b)'s requirements, the court determines whether to grant leave to amend under the more liberal Rule 15(a)(2) standard. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003). A district court reviewing a motion to amend pleadings under Rule 15(a) may consider factors such as "undue delay, bad faith or dilatory motive[,] . . . undue prejudice to the opposing party, and futility of amendment." *In re Southmark Corp.*, 88 F.3d 311, 314–15 (5th Cir. 1996). A district court has "broad discretion" in ruling under Rule 16 and Rule 15 "to preserve the integrity and purpose of the pretrial order" and to manage the case fairly and efficiently. *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979).

Brosnan filed its first amended answer 31 days after its answer and six days after receiving the discovery material, "in order to avoid unnecessary delay, bad faith, or surprise to other parties in this matter." (Docket Entry No. 34 at 3). Brosnan's amended answer adds a designation of "John Doe 1" and "John Doe 2" as responsible third parties, under TEX. CIV. PRAC. & REM. CODE § 33.004(k), and Brosnan separately moved to designate responsible third parties. (Docket Entry No. 35). Section 33.004 allows a defendant to designate as responsible third parties entities or individuals who are not parties to the suit but whose fault will be submitted to the fact-finder. A responsible third party may include "any person who is alleged to have caused or contributed to causing in any way the harm for which recovery of damages is sought." TEX. CIV. PRAC. & REM. CODE § 33.011(6). To designate a responsible third party, a defendant must file a motion for leave on or before the 60th day before the trial date, unless the court finds good cause to allow a later filing. *Id.* § 33.004(a). The court must grant a timely filed motion for leave to designate a

responsible third party, unless another party files an objection on or before the 15th day after the motion for leave is served. *Id.* § 33.004(f). Vega indicated that she was opposed to Brosnan's motion for leave to amend, but did not file a motion stating why. (*Id.* at 5). Vega did not move to oppose Brosnan's motion to designate, and indicated that she was not opposed. (Docket Entry No. 35 at 5).

Brosnan's motion to designate was timely filed, and Brosnan satisfied Rule 16(b)'s requirements and met Rule 15(a)'s liberal standard, making leave to amend proper. Brosnan's motion for leave to amend, (Docket Entry No. 34), is granted. Brosnan's motion to designate responsible third parties, (Docket Entry No. 35), is also granted.

SIGNED on January 24, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge